Watson v. Garland

BIA
Cortes, IJ
A088 445 167

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-two.

PRESENT:
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

CHARLES LETTS WATSON,
*Petitioner,*

v.                                          19-3174
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Craig Relles, White Plains, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant
                       Attorney General; Derek C. Julius,
                       Assistant Director, Katherine A.
                       Smith, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Charles Letts Watson, a native and citizen of Jamaica, seeks review of a September 17, 2019 decision of the BIA affirming an April 23, 2019 decision of an Immigration Judge ("IJ") denying his applications for cancellation of removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Charles Letts Watson,* No. A 088 445 167 (B.I.A. Sept. 17, 2019), *aff'g* No. A 088 445 167 (Immig. Ct. N.Y. City Apr. 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We "review the judgment of the IJ as modified by the BIA's decision — that is, minus the . . . argument[s] for denying relief that w[ere] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Because Watson does not raise his CAT claim in this Court, we address only cancellation and withholding of removal.

## I. Cancellation of Removal

A nonpermanent resident such as Watson may have his removal cancelled if, among other requirements, he has "been a person of good moral character [for at least the 10 years immediately preceding his application]." 8 U.S.C. § 1229b(b)(1). The Immigration and Nationality Act provides a list of reasons that an applicant will be precluded from showing good moral character, including that he has committed certain criminal offenses. 8 U.S.C. § 1101(f). The statute also includes the following catchall provision: "The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id*.

Generally, under 8 U.S.C. § 1252(a)(2)(B)(i) and (D), our jurisdiction to review a denial of cancellation of removal is limited to constitutional claims and question of law. *See Mendez v. Holder*, 566 F.3d 316, 318–19 (2d Cir. 2009). We retain jurisdiction to review "nondiscretionary, or purely legal, decisions regarding an alien's eligibility for" cancellation. *Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir. 2005). It is an open question in this Court whether a

3

moral character determination pursuant to § 1101(f)'s catchall provision is a purely discretionary decision that we lack jurisdiction to review. *See Sumbundu v. Holder*, 602 F.3d 47, 53-54 (2d Cir. 2010) ("[W]e have not had reason to decide whether catchall moral character decisions are non-discretionary and fully reviewable, or whether our jurisdiction to review them is either more limited or non-existent. Because we conclude that petitioners in the case before us *have* raised plausible questions of law, we do not need to consider whether we would have jurisdiction had they not done so."). As in *Sumbundu*, we decline to resolve the question because Watson's arguments on appeal do not challenge the agency's fact-finding or its exercise of discretion. Instead, he contends that the BIA failed to sufficiently address the moral character factor, and his arguments implicate our scope of review and due process -- i.e., whether the agency provided adequate analysis for judicial review. We review constitutional claims and questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The agency fully considered moral character. During his

testimony, Watson admitted that he had been arrested multiple times during the 10-year statutory period and also admitted to driving while intoxicated in 2018; moreover, the record contains evidence of multiple arrests as well as convictions for disorderly conduct, unlawful possession of marijuana, littering and dumping, and traffic violations. The agency did not err in relying on Watson's history of arrests and convictions. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) (per curiam) ("[W]e see no reason to prevent an IJ or the BIA from considering an applicant's anti-social conduct — whether leading to a conviction . . . or no legal judgment whatsoever — as an adverse factor in evaluating an application for discretionary relief.").

Watson's arguments that the BIA "failed to provide a reasoned explanation for its decision," that it is "devoid of reasoning," and that its decision was "arbitrary and capricious," Pet.'s Br. at 9, 13, are contradicted by the record. The BIA's decision outlines the legal standard for the evaluation of good moral character, then considers Watson's arrest record, ultimately agreeing with the IJ's decision. We can also consider the IJ's decision, *see Xue*

5

*Hong Yang*, 426 F.3d at 522, which contains two pages of detailed analysis of Watson's arrest history supporting the IJ's conclusion that he failed to establish good moral character.

We do not consider Watson's remaining challenges to the denial of cancellation because he contests findings that the BIA did not reach or rely on. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see Xue Hong Yang*, 426 F.3d at 522.

## II. Withholding of Removal

An applicant for withholding of removal has the burden to show past persecution or that he will more likely than not be persecuted because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b)(1); *Wei Sun v. Sessions*, 883 F.3d 23, 27–28 (2d Cir. 2018) ("Eligibility for withholding of removal requires a clear probability of persecution, *i.e.*, it is more likely than not that the alien would be subject to persecution." (ellipsis

6

and quotation marks omitted)). An applicant also must demonstrate that the feared persecution is "attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted).

Here, the BIA upheld the IJ's denial of withholding of removal on the grounds that Watson did not establish that he suffered past persecution or fears future persecution on account of a protected ground by the Jamaican government or by entities the government is unwilling or unable to control. Because Watson alleged persecution only by private actors — possibly gang members who beat him and his brother after a performance and took their earnings — he was required to show that the Jamaican government would be unable or unwilling to protect him. *See Scarlett*, 957 F.3d at 328. Watson has abandoned this dispositive basis for the agency's denial of withholding because his brief contains only a single general sentence addressing the agency's conclusion that the Jamaican government would be unwilling or unable to protect him. *See*

7

*Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Because that finding is dispositive, we need not reach Watson's challenges to the other grounds for the agency's denial of withholding of removal. *See Bagamasbad*, 429 U.S. at 25. Even if we were to reach other grounds, we would reject his withholding claim because he fails to show a nexus to a protected ground. He testified that the attack in 2005 "was all about extortion," Certified Admin. Rec. 140, which is not a protected ground, *see Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[G]eneral crime conditions are not a stated ground [for asylum]."). The agency also reasonably concluded that his proposed particular social group of "musicians in Jamaica" was not cognizable because his status as a professional musician was not an immutable characteristic. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (requiring that members of a cognizable particular

8

social group "share a common, immutable characteristic . . . that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." (quotation marks omitted)). And his claim that he would be persecuted because of his political opinion as a musician fails because the record contains no evidence that he was targeted because of political speech.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court